**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CONGRUENT MEDIA RESOURCING LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>IMPERVA, INC.,<br><br>*Defendant*. | C.A. No. 2:26-cv-00461-JRG |

**DEFENDANT IMPERVA, INC.'S OPPOSITION TO PLAINTIFF CONGRUENT'S MOTION FOR AN EXTENSION TO RESPOND TO DEFENDANT'S MOTION TO DISMISS**

Defendant Imperva, Inc. ("Imperva") respectfully opposes Plaintiff Congruent Media Resourcing LLC's ("CMR") Motion for an Extension to Respond to Defendant's Motion to Dismiss (Dkt. 27). CMR has not demonstrated good cause, as it must, for a two-week extension. Fed. R. Civ. P. 6(b)(1)(A) (the Court may extend a deadline upon a showing of "good cause"). Rather, CMR's requested extension would delay resolution of a motion that could dispose of its claims in this case and impact its five pending actions asserting the same patent. In the meantime, Imperva is prejudiced by incurring unnecessary litigation costs in preparing for imminent deadlines on the Court's Scheduling Order. Dkt. 19. Accordingly, the Court should deny CMR's motion or, in the alternative, grant only a one-week extension to October 8, 2026.

First, Imperva has already twice accommodated CMR's extension requests. Imperva agreed to CMR's requested two-week extension to respond to Imperva's first Motion to Dismiss (Dkt. 15, granted at Dkt. 17), and agreed to CMR's requested one-week extension to respond to

Imperva's Motion to Stay (Dkt. 15, granted at Dkt. 17). With its extension to respond to Imperva's first motion to dismiss under 35 U.S.C. § 101, CMR filed a First Amended Complaint adding an additional asserted claim (Dkt. 21), and Imperva filed a renewed motion to dismiss on these same grounds (Dkt. 26). Imperva also attempted to accommodate CMR's instant request by proposing a one-week extension to October 8, 2026.

CMR's repeated requests for extensions in a short time period, and its similar extension requests in other cases, undermine the necessity of this one. In CMR's recent case against Rapid7 on this same asserted patent, CMR sought a similar two-week extension to respond to Rapid7's motion to dismiss under Section 101; CMR then filed an amended complaint with essentially the same amendments it made here; Rapid7 again moved to dismiss on the same grounds; and CMR again sought a two-week extension to respond because of "several other briefing and disclosure deadlines…in unrelated matters," and "vacation." *CMR v. Rapid7, Inc.*, 7:26-cv-00155-DC-DTG (W.D. Tex.) ("the Rapid7 Case"), Dkts. 17, 24. This provided CMR with two months after Rapid7's initial motion to dismiss to substantively respond, just as here, where the requested extension would delay CMR's substantive response to Imperva's August 12 motion to dismiss until October 15.

Second, to the extent CMR is experiencing scheduling difficulties in this case, they are substantially of its own making. It was CMR who brought suit against Imperva. And CMR, represented by the same counsel in this suit, has filed eleven lawsuits against multiple defendants in less than a year on this same asserted patent—likely contributing to its difficulty in meeting deadlines in this case. Imperva also proposed to stay this case pending the *ex parte* reexamination that the PTO instituted on all twenty claims of the sole asserted patent, which would provide CMR relief under the schedule, but CMR opposed that stay. (Dkt. 12.) To the extent CMR's counsel's

competing deadlines are "dispositive-motion oppositions in unrelated matters" (Dkt. 27), such dispositive motion deadlines are typically scheduled far in advance; they are not unforeseeable to CMR's counsel or beyond its control. *Ebel v. Eli Lilly & Co.*, 248 F.R.D. 208, 209 (S.D. Tex. 2007) ("[F]oreseeable scheduling conflicts cannot justify the extension of the deadlines."); *Casey v. Quality Restaurants & Concepts*, No. 1:10CV309-NBB-DAS, 2012 WL 3261367, at *2 (N.D. Miss. Aug. 8, 2012) ("A vague reference to other cases and responsibilities does not rise to the level of good cause…."); *Perez v. Maverick Cnty. Juv. Prob. Dep't*, No. DR-21-CV-060-AM-CW, 2023 WL 9118694, at *2 (W.D. Tex. Oct. 20, 2023) ("[C]ounsel's busy schedule 'does not rise to the level of good cause[,]' [and] [Non-Movant] is well within his rights to insist on the adherence to filings deadlines.") Similarly, CMR's counsel's associate's upcoming personal event and unavailability was also foreseeable. (Dkt. 27.) The temporary unavailability of one attorney for a personal event presumably known well in advance does not constitute good cause.

Third, promptly completing the briefing on Imperva's motion to dismiss serves the interests of both Imperva and this Court. Imperva's motion to dismiss raises a threshold question of patent eligibility under 35 U.S.C. § 101, which can be resolved without the expense and burden of discovery. Any delay in briefing Imperva's motion further delays this Court's determination of whether CMR's Asserted Patent is even patent-eligible, to Imperva's prejudice.

For these reasons, Imperva respectfully requests that the Court deny CMR's Motion for an Extension or, in the alternative, grant only a one-week extension to October 8, 2026.

Dated: September 24, 2026

By: */s/ Andrew Gish*

Andrew Gish (NY Bar No. 4918454)
(admitted in the Eastern District of Texas)
Benu Wells (NY Bar No. 4146163)
(admitted pro hac vice)
**GISH PLLC**
41 Madison Avenue, Floor 31,
New York, NY 10010
andrew@gishpllc.com
Telephone: (212) 518-2000

Thomas J. Pardini (CA Bar No. 313401)
(admitted pro hac vice)
Christopher Bonny (CA Bar No. 280554)
(admitted in the Eastern District of Texas)
**GISH PLLC**
50 California Street, Suite 1500
San Francisco, CA 94111
tom.pardini@gishpllc.com
Telephone: (415) 630-7300

*Attorneys for Defendant Imperva, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on September 24, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Andrew Gish*
Andrew Gish