**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **CONGRUENT MEDIA RESOURCING LLC,**<br><br>Plaintiff,<br>v.<br><br>**IMPERVA, INC.,**<br><br>Defendant. | C.A. No. 2:26-cv-00461-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |
| v.<br><br>**SILVERFORT, INC.,**<br><br>Defendant. | C.A. No. 2:26-cv-00643-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |

# PLAINTIFF CONGRUENT MEDIA RESOURCING LLC'S OPPOSITION TO SILVERFORT, INC.'S MOTION TO STAY CASE PENDING *EX PARTE* REEXAMINATION

October 14, 2026

David R. Bennett (IL Bar No. 6244214)
Steven G. Kalberg (IL Bar No. 6336131)
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com
skalberg@directionip.com

*Attorneys for Plaintiff*
*Congruent Media Resourcing LLC*

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... ii

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

III. LEGAL STANDARD ..... 2

IV. THIS CASE SHOULD NOT BE STAYED PENDING REEXAM ..... 3

A. CMR Will be Prejudiced by a Stay ..... 3

1. A Stay Would Prevent CMR from Enforcing the Asserted Patent for One-Third of its Remaining Life and Allow Silverfort to Continue the Accused Activity Without Concern of Being Enjoined ..... 3

2. A Stay Could Result in Loss of Evidence ..... 5

3. A Stay for EPR Proceedings Would Introduce Extreme Delay ..... 5

4. The Lack of Statutory Estoppel for EPRs Poses Further Prejudice to CMR ..... 7

5. Multiple Forms of Undue Prejudice to CMR Combine to Weigh Against a Stay ..... 8

B. A Stay Will Not Result in Simplification of Issues ..... 8

C. The Reexamination is No More Advanced than this Case ..... 11

CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Cases**

*AGIS Software Dev. LLC v. Google LLC*,
No. 2:19-CV-00359-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) .................................. 11

*Allvoice Developments US, LLC v. Microsoft Corp.*,
No. 6:09-CV-366, 2010 WL 11469800 (E.D. Tex. June 4, 2010) ........................................... 5

*Antor Media Corp. v. Nokia, Inc.*,
No. 2:05CV186, 2006 WL 7121721 (E.D. Tex. Sept. 27, 2006) ........................................... 10

*Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*,
No. 2:19-CV-00333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021)............................. 11

*Biax Corp. v. Fujitsu Computer Sys. Corp.*,
No. 2:06-CV-364, 2007 WL 614187 (E.D. Tex. Feb. 26, 2007)....................................... 4, 7, 8

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019).................. 11

*Datanet LLC v. Dropbox Inc.*,
2023 WL 9005604 (W.D.Tex. Dec. 28, 2023) ........................................................................... 4

*Eon Corp. IP Holdings, LLC v. Skytel Corp.*,
No. 6:08-CV-385, 2009 WL 8590963 (E.D. Tex. Apr. 29, 2009)................................. 3, 4, 7, 8

*Etter, In re*,
756 F.2d 852 (Fed.Cir. 1985) ............................................................................................. 4, 11

*Impinj, Inc. v. NXP USA, Inc.*,
No. 6:21-CV-00530ADA, 2023 WL 7476347 (W.D. Tex. Apr. 20, 2023)........................... 3, 8

*Intell. Ventures II LLC v. Kemper Corp.*,
No. 6:16-CV-0081, 2016 WL 7634422 (E.D. Tex. Nov. 7, 2016)............................................ 8

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
No. 2:17CV00662-JRG-RSP, 2018 WL 11363368 (E.D. Tex. Nov. 19, 2018)........................ 3

*Kahn v. GMC*,
889 F.2d 1078 (Fed.Cir. 1989) ................................................................................................. 5

*Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*,
No. 1:22-CV-852-RP, 2024 WL 5169808 (W.D. Tex. Apr. 11, 2024) ..................................... 7

*KIPB, LLC v. Samsung Elecs. Co.*,
No. 2:19CV00056-JRG-RSP, 2019 WL 6173365 (E.D. Tex. Nov. 20, 2019)................. passim

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)................................................................................................................. 2

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*,
No. 2:13-CV-00235-JRG, 2014 WL 4652117 (E.D. Tex. Sept. 18, 2014) ............................... 6

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005) ................................................................................................. 3

*Lone Star SCM Sys., Ltd. v. Bluebird Inc.*,
No. 6:21-CV-00844-ADA, 2023 WL 4923942 (W.D. Tex. Aug. 1, 2023) ........ 4, 5

*Longhorn HD LLC. v. NetScout Sys., Inc.*,
No. 2:20-CV-00349-JRG, 2022 WL 71652 (E.D. Tex. Jan. 6, 2022) ........ 9

*Luminati Networks Ltd. v. NetNut Ltd.*,
No. 2:20CV00188-JRG-RSP, 2021 WL 3128654 (E.D. Tex. 2021) ........ 9

*O&M Halyard, Inc. v. Sri Trang USA, Inc.*,
No. 4:22-CV-622-SDJ, 2023 WL 307465 (E.D.Tex. Jan. 18, 2023) ........ 2

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed.Cir.2005) (en banc) ........ 1, 10

*Polaris Powerled Techs., LLC v. Dell Techs. Inc.*,
No. 22-0973, 2023 WL 5282381 (W.D. Tex. Aug. 15, 2023) ........ 12

*Power Integrations, Inc. v. Lee*,
797 F.3d 1318 (Fed.Cir. 2015) ........ 10

*Premier Int'l Assocs. LLC v. Hewlett-Packard Co.*,
554 F.Supp.2d 717 (E.D. Tex. 2008) ........ 10

*Ramot At Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*,
No. 2:19-CV-00225-JRG, 2020 WL 14100586 (E.D. Tex. Nov. 23, 2020) ........ 8

*Ramot At Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*,
No. 2:19-CV-00225-JRG, 2021 WL 121154 (E.D. Tex. Jan. 13, 2021) ........ 11

*Solas OLED Ltd. v. Samsung Display Co.*,
No. 2:21-CV-00104-JRG, 2022 WL 23048913 (E.D. Tex. Feb. 22, 2022) ........ 8, 9, 10

*Soverain Software LLC v. Amazon.com, Inc.*,
356 F.Supp.2d 660 (E.D. Tex. 2005) ........ 2, 3

*United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*,
571 F.Supp.2d 758 (W.D. Tex. 2008) ........ 5

*Veraseal LLC v. Wal-Mart Stores, Inc.*,
No. 2:17-CV-00527-JRG, 2018 WL 2183235 (E.D. Tex. May 11, 2018) ........ 10

*VideoShare, LLC v. Meta Platforms Inc. (VideoShare II)*,
No. 6-21-CV-00254-ADA, 2022 WL 3142622 (W.D. Tex. Aug. 5, 2022) ........ 9, 10

*VideoShare, LLC v. Meta Platforms Inc.*, (*VideoShare I*),
No. 6-21-CV-00254-ADA, 2022 WL 2718986 (W.D. Tex. July 12, 2022) ........ 8, 9, 10

*VirnetX Inc. v. Apple Inc.*,
No. 6:12-CV-00855-RWS, 2018 WL 398433 (E.D.Tex. Jan. 12, 2018) ........ 2

**Statutes**

35 U.S.C. §282 ........ 4

**Other Authorities**

MPEP 2242 .......... 4, 11

## I. INTRODUCTION

Plaintiff Congruent Media Resourcing LLC ("CMR") opposes Silverfort, Inc.'s motion to stay this case (Dkt. 31) pending an *ex parte* reexamination ("EPR") requested by a third party. Silverfort has not carried its burden to show that a stay is warranted.[1] CMR will be prejudiced by any stay. The asserted patent has approximately six years of remaining life and CMR seeks injunctive relief. Silverfort's requested stay would likely prevent CMR from enforcing its exclusionary rights for roughly two years, about one-third of the patent's remaining term, while Silverfort continues the accused activity free from the threat of an injunction. CMR would also be prejudiced by the loss of witnesses and other evidence. Here, the requested stay would do more than delay damages litigation; it would substantially impair CMR's ability to obtain timely forward-looking relief during the remaining life of its patent.

The requested stay is also unlikely to simplify this case in any meaningful way. The EPR remains at its earliest stage. The USPTO has merely granted the request, which is not a rejection of any claim and not a *prima facie* case of unpatentability. No Office Action has issued and the USPTO has not taken any substantive position on the validity of any asserted claim. Any simplification is therefore speculative. There is also no benefit from claim construction in the EPR because the EPR applies a different claim construction standard. Because the patent in this case will not expire for six years, the USPTO applies the broadest reasonable interpretation standard rather than the *Phillips* standard applied by this Court.

Furthermore, unlike *inter partes* review, EPR imposes no statutory estoppel on Silverfort. Without an appropriate estoppel condition, Silverfort could obtain the benefit of a stay, observe

---

[1] Silverfort's Motion to Stay is virtually identical to the Motion to Stay filed by defendant Imperva in consolidated case. (*Compare* Dkt. 12 *with* Dkt. 31). CMR's opposition to Silverfort's Motion to Stay is therefore substantially the same as CMR's opposition to Imperva's Motion to Stay.

the USPTO proceedings, and then relitigate the same prior art issues in this Court. That result would create delay without meaningful simplification. Accordingly, the stay factors weigh against a stay, and the Court should deny Silverfort's motion. At minimum, any stay should be conditioned on Silverfort's agreement to meaningful judicial estoppel covering the prior art and invalidity grounds raised, relied upon, or that reasonably could have been raised in the reexamination.

## II. BACKGROUND

CMR filed suit against Silverfort on July 30, 2026, asserting claims of infringement of U.S. Patent No. 9,135,418 ("Asserted Patent"), which relates generally to creating secure workspaces and applications. (Dkt. No. 1, Ex. A). The patent expires on November 25, 2032, over six years from now. CMR is seeking an injunction to prevent Silverfort from further infringement. (Case 2:26-cv-00643-JRG Dkt. No. 1 at ¶25, p.15).

On May 7, 2026, an EPR for the patent-in-suit was instituted. The USPTO has not issued any Office Action.

## III. LEGAL STANDARD

The party seeking a stay bears the burden of showing that a stay is appropriate. *VirnetX Inc. v. Apple Inc.*, No. 6:12-CV-00855-RWS, 2018 WL 398433, at *2 (E.D.Tex. Jan. 12, 2018) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The court has discretion in deciding whether to stay a case pending USPTO proceedings, including *ex parte* reexaminations. *O&M Halyard, Inc. v. Sri Trang USA, Inc.*, No. 4:22-CV-622-SDJ, 2023 WL 307465, at *1 (E.D.Tex. Jan. 18, 2023). There is no *per se* rule that patent cases should be stayed during reexamination, because such a rule would invite parties to unilaterally derail litigation. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005).

The Court considers three stay factors: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in

question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain*, 356 F.Supp.2d at 662. Courts use these factors to "determine whether the benefits of a stay outweigh the inherent costs." *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 217CV00662JRGRSP, 2018 WL 11363368, at *1 (E.D. Tex. Nov. 19, 2018).

## IV. THIS CASE SHOULD NOT BE STAYED PENDING REEXAM

### A. CMR Will be Prejudiced by a Stay

#### 1. A Stay Would Prevent CMR from Enforcing the Asserted Patent for One-Third of its Remaining Life and Allow Silverfort to Continue the Accused Activity Without Concern of Being Enjoined

CMR seeks an injunction and therefore will be harmed by a stay. (Case 2:26-cv-00643-JRG, Dkt. No. 1 at ¶25). Staying a suit seeking injunctive relief against ongoing or future harm causes a more significant hardship against a plaintiff resisting the stay than a suit for only damages for past harm. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *Eon Corp. IP Holdings, LLC v. Skytel Corp.*, No. 6:08-CV-385, 2009 WL 8590963, at *3 (E.D. Tex. Apr. 29, 2009) ("right to exclude, even for a non-practicing entity, may be the only way to fully vindicate the patentee's ownership in the patent").

Texas courts still hold that NPEs are not precluded from being prejudiced by a motion to stay. *KIPB, LLC v. Samsung Elecs. Co.*, No. 2:19CV00056-JRG-RSP, 2019 WL 6173365, *3 (E.D. Tex. Nov. 20, 2019)("Even assuming that [Plaintiff] is a non-practicing entity and that the Parties are not competitors, [Plaintiff] still has an interest in the timely enforcement of its patents."). "[I]t is well established that... timely enforcement of [ ] patent rights is entitled to some weight, even if that factor is not dispositive." *Impinj, Inc. v. NXP USA, Inc.*, No. 6:21-CV-00530ADA, 2023 WL 7476347, at *3 (W.D. Tex. Apr. 20, 2023) (citation and quotation omitted). CMR's NPE status does not eliminate the prejudicial nature of a stay.

Silverfort's argument that CMR's delay caused prejudice by bringing the lawsuit after the institution of the reexam improperly penalizes CMR for exercising its statutory right to sue for infringement. A patent is presumed valid, 35 U.S.C. §282, and nothing in the reexamination has yet questioned the validity of any claims. *Eon Corp.*, 2009 WL 8590963, at *4. In the reexamination, only a substantial new question of patentability has been found, which is not a rejection of any claim and not a *prima facie* case of unpatentability. *In re Etter*, 756 F.2d 852, 857 (Fed.Cir. 1985) ("The inquiry occasioned by a request for reexamination is solely whether a reexamination order should issue and is not directed toward resolution of validity."); MPEP 2242 ("Thus, 'a substantial new question of patentability' as to a patent claim could be present even if the examiner would not necessarily reject the claim as either fully anticipated by, or obvious…."). Therefore, without an Office Action in the reexamination, there is nothing to question the validity of any claims.

CMR will also be prejudiced by being prevented from enforcing its patent rights for two years. *Biax Corp. v. Fujitsu Computer Sys. Corp.*, No. 2:06-CV-364, 2007 WL 614187, at *2 (E.D. Tex. Feb. 26, 2007). *Eon Corp.*, 2009 WL 8590963, at *3 ("The Court finds that Eon would be unduly prejudiced if the Court were to grant a stay. A stay could potentially prevent Eon from enforcing its rights for several years."); *id.* at *4 ("The potential for use of the reexamination process as a dilatory tactic must be considered."). "[CMR], like all patentees, has an interest in the timely enforcement of its patent rights." *Lone Star SCM Sys., Ltd. v. Bluebird Inc.*, No. 6:21-CV-00844-ADA, 2023 WL 4923942, at *2 (W.D. Tex. Aug. 1, 2023); *see also Datanet LLC v. Dropbox Inc.*, 2023 WL 9005604, at *2 (W.D.Tex. Dec. 28, 2023).[2] "The Federal Circuit has long

[2] While *Lone Star* and *Datanet* involve inter partes review, "the analysis [under the three-factor test] is substantially the same for *ex parte* reexamination proceedings." *KIPB*, 2019 WL 6173365, at *1.

held that '[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation.'" *Lone Star*, 2023 WL 4923942, at *2 (*citing and quoting Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed.Cir. 1989) and *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F.Supp.2d 758, 763 (W.D. Tex. 2008) ("[T]he compensation and remedy due a civil plaintiff should not be delayed." (citations omitted)).

**2. A Stay Could Result in Loss of Evidence**

CMR would also be prejudiced by the loss of witnesses and other evidence. "[A] stay risks the loss of testimonial and documentary evidence potentially valuable to [CMR's] case." *Lone Star*, 2023 WL 4923942, at *1; *see Allvoice Developments US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (holding that a stay of ten months would "create a substantial delay that could cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade").

**3. A Stay for EPR Proceedings Would Introduce Extreme Delay**

A stay for an EPR would introduce significant delay for the reexam process to play out, which would only be compounded by appeals. Although Silverfort argues that the reexam will be conducted with "special dispatch," the statistics show that even with "special dispatch" reexaminations can still take years to complete. According to USPTO Statistics, the average pendency (filing date to certificate issue date) of an EPR for fiscal year 2025 is 25.2 months. (Ex. F at §7(a)).

Completing an EPR could take even longer than those USPTO Statistics. After the USPTO tightened *inter partes* review standards in the Federal government's fiscal year 2025, there have been over 830 requests for reexaminations filed in the first three quarters of 2026, which annualized would be two to five times the number of reexaminations filed in any of the past ten

years. (*Compare* Ex. C *with* Ex. F at §3 (reexam filings between 163 and 491 from 2015 to 2025); *see* Ex. E). With the current trend annualized, the number of reexaminations filed in 2026 will exceed 1,000, about 50% larger than the largest number of filings in any of the 44 years detailed in the USPTO Statistics (dating back to 1981). (Ex. C (847 EPR filings through Q3); Ex. F at §3 (previously largest number of EPRs filed in a year was 780 in 2012)). "As EPR filings increased, so [did] the burden on the Office to process them." (Ex. A at 4). Even if EPRs decrease due to the change in pre-order comment procedure for EPRs (Ex. B ("New Pre-Order Comment Procedure for EPRs")),[3] the increased workload from Q1 and Q2 of FY2026 is likely to increase the pendency of the EPR proceeding for CMR whose EPR was instituted in Q3. (*See id.*; *also* Ex. D at 3 ("Staffing at the [USPTO's] Central Reexamination Unit (CRU), which handles EPRs, has decreased significantly over the last year [April 6, 2025-April 6, 2026]."). Thus, the pendency of the reexam process at the USPTO could be far greater than the stated average of 25.2 months.

Even using 25.2 months means that the stay would not be expected to conclude before at least May 2028, which is 19 months from now. To retain control over its docket and avoid undue prejudice to CMR,[4] this Court should only cautiously consider granting stays for EPRs because, unlike for IPRs: (1) There is no requirement that an EPR petitioner establish unpatentability by a

---

[3] Because nearly all EPRs are granted without having the benefit of the Patent Owner weighing in before the grant decision (unlike IPRs), on April 1, 2026, the Director determined that Patent Owners may weigh in prior to the PTO determining if a SNQ exists. This demonstrates the weak nature of the current grant determination. (Ex. B, "Notice of New Pre-Order Comment Procedure for EPRs."

[4] *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014) (regarding an IPR and EPR, "[s]taying the action for such an indefinite period of time would essentially remove the Court's discretion regarding control of its own docket and hold the Court in limbo awaiting determinations that could take years to reach an absolute resolution." (emphasis added))

preponderance of the evidence;[5] (2) EPR adjudication is not statutorily time-limited, which can create long, open-ended delay; (3) Anyone may request an unlimited number of EPRs; (4) EPRs may be requested at any time, without any time window limitation; (5) EPRs are reviewed by a single examiner at the USPTO whereas IPRs are reviewed by a PTAB panel of three;[6] and (6) for third party EPR filings prior to April 5, 2026, patent owners had no opportunity to provide the USPTO any information before institution of the EPR.[7] These factors affect both the duration of the EPR process and the quality of information to come from it. Silverfort (and other defendants in related cases or anonymous parties) could potentially indefinitely delay by filing new EPRs as a current stay is about to be lifted, thereby effectively denying CMR its right to a trial, much less a speedy trial. *See Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *2 (E.D. Tex. Jan. 6, 2022) (discussing the risk of "un-ending EPRs" from possible future filings of EPRs by defendant and other parties); *Eon Corp.*, 2009 WL 8590963, at *4; *Biax Corp.*, 2007 WL 614187, at *2.

#### 4. The Lack of Statutory Estoppel for EPRs Poses Further Prejudice to CMR

If this Court grants Silverfort's motion for a stay, it should at least require Silverfort to agree not to assert the prior art, combinations of prior art, or invalidity grounds that were raised, relied upon, or reasonably could have been raised in the EPR. Otherwise, Silverfort would be free to litigate the exact same matters in this case with the benefit of the USPTO's response, getting a second bite at the apple. *Eon Corp.*, 2009 WL 8590963, at *4; *KIPB*, 2019 WL 6173365, at *2

[5] *Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*, No. 1:22-CV-852-RP, 2024 WL 5169808, at *3 (W.D. Tex. Apr. 11, 2024).
[6] *Longhorn*, 2022 WL 71652, at *3 (omitting citations).
[7] *See supra* discussion of Ex. B (Pre-order Procedure regarding Substantial New Question determination in *ex parte* Reexamination Proceedings).

("Without any estoppel provision in place for *ex parte* reexamination proceedings, those proceedings are even less likely to result in simplification of the issues."); *Intell. Ventures II LLC v. Kemper Corp.*, No. 6:16-CV-0081, 2016 WL 7634422, at *4 (E.D. Tex. Nov. 7, 2016).

#### 5. Multiple Forms of Undue Prejudice to CMR Combine to Weigh Against a Stay

The combination of (a) CMR's inherent right to timely enforcement, (b) delay of a potential injunction, (c) likely extreme delay from current EPR processing conditions at the USPTO and the indefinite timeline for an EPR, and (d) the lack of meaningful estoppel for even the limited set of issues to be considered by the USPTO, among the other factors, constitutes undue prejudice and weighs against a stay. *Impinj*, 2023 WL 7476347, at *3 ("[CMR] is not arguing that timely enforcement alone defeats the motion to stay.").

### B. A Stay Will Not Result in Simplification of Issues

A stay will not simplify the case for trial; this factor weighs against a stay. The reexam is still in the earliest stage and "the PTO ha[s] yet to issue any Office Actions." *Solas OLED Ltd. v. Samsung Display Co.*, No. 2:21-CV-00104-JRG, 2022 WL 23048913, at *3 (E.D.Tex. Feb. 22, 2022). Thus, any simplification that might result from the reexam is speculative. *Biax Corp.*, 2007 WL 614187, at *2; *Eon Corp.*, 2009 WL 8590963, at *4; *KIPB*, 2019 WL 6173365, *2; *Ramot At Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, No. 2:19-CV-00225-JRG, 2020 WL 14100586, at *2 (E.D. Tex. Nov. 23, 2020) ("while the *ex parte* reexams have the *potential* to simplify the issues in question and the trial of this case, such simplification is currently more speculative than factual"); *VideoShare, LLC v. Meta Platforms Inc.*, No. 6-21-CV-00254-ADA, 2022 WL 2718986, at *4 (W.D. Tex. July 12, 2022) ("*VideoShare I*").

According to USPTO Statistics, over 90% of EPR requests are granted, demonstrating that the USPTO's lower standard to grant nearly all EPR requests is not evidence that the claims will

be rejected and certainly not evidence that the claims will be cancelled. (Ex. F at §5(a)). *VideoShare I*, 2022 WL 2718986, at *5 ("[Defendant] has not shown that the PTAB will likely invalidate all asserted claims – only that a substantial new question of validity was raised."); and *Solas*, 2022 WL 23048913, at *3 ("The Court [in EDTX] declines to develop a per se rule that mere institution of an EPR results in a likelihood of simplification of the issues." (citation omitted)).

Even if an Office Action issued rejecting some or all claims (which has not occurred here), a stay should still not be granted because a rejection would only be a preliminary decision and CMR would still have the possibility to overcome any rejections through argument. For example, a court denied reconsideration of the Court's prior denial of a stay even though all claims in the expired patent had (subsequent to that denial) been rejected in a first Office Action. *VideoShare, LLC v. Meta Platforms Inc.*, No. 6-21-CV-00254-ADA, 2022 WL 3142622, at *2 (W.D. Tex. Aug. 5, 2022) ("*VideoShare II*"); *see also Longhorn*, 2022 WL 71652, at *3; *KIPB*, 2019 WL 6173365, at *2.

At least one of the claims asserted in this litigation will likely survive reexamination, which would reduce or even eliminate any simplification. *Luminati Networks Ltd. v. NetNut Ltd.*, No. 2:20CV00188-JRG-RSP, 2021 WL 3128654, *2-*4 (E.D. Tex. 2021) ("Unless every claim ends up cancelled with no amendments granted, the patent issues will remain in the case."). USPTO Statistics show that all claims survive in reexaminations requested by third parties 22.9% of the time, while all claims are cancelled only 16.1% of the time. (Ex. F at §8(a)).

Silverfort's argument that the issues would be simplified even if claims survive reexamination because the Court would benefit from the USPTO's expertise is incorrect because, for unexpired patents like the patent-in-suit here, the USPTO applies a ***different standard*** for claim

construction. The USPTO interprets the claims using the "broadest reasonable interpretation consistent with the specification," which is different from the claim construction standard used in district courts, *i.e.*, those outlined in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed.Cir.2005) (*en banc*). *Power Integrations, Inc. v. Lee*, 797 F.3d 1318, 1326 (Fed.Cir. 2015). Thus, the fact that the USPTO may conduct claim construction fails to provide the Court any simplification of the issues.

Finally, unless this Court would condition any stay on requiring Silverfort to be subject to an appropriate form of judicial estoppel, "[t]he lack of statutory estoppel with respect to EPRs… also cautions against a likelihood of simplification of the issues." *Solas*, 2022 WL 23048913, at *3 (citation omitted). Courts in Texas have required defendants to stipulate to estoppel to enter a stay, otherwise a stay would be denied. *VideoShare I*, 2022 WL 2718986, at *5 ("Moreover, Meta has not filed a *Sotera*-type stipulation not to relitigate the same issues in this case if any claims survive *ex parte* reexamination. Therefore, the Court finds that a stay will not simplify the issues in this case."); *Veraseal LLC v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00527-JRG, 2018 WL 2183235, at *2 (E.D. Tex. May 11, 2018); *Premier Int'l Assocs. LLC v. Hewlett-Packard Co.*, 554 F.Supp.2d 717, 725 (E.D. Tex. 2008); *Antor Media Corp. v. Nokia, Inc.*, No. 2:05CV186, 2006 WL 7121721, at *6 (E.D. Tex. Sept. 27, 2006). For surviving claims, the EPR will not resolve all §102 and §103 challenges.[8] *Compare VideoShare II*, 2022 WL 3142622, at *3 ("In Sotera, the parties filed a much stronger, written stipulation that they will not pursue the specific grounds raised or any grounds that reasonably could have been raised so that there will be no overlap of invalidity issues." (emphasis in original) (citation omitted)).

---

[8] The EPR Proceedings will also not resolve §101 challenges, which cannot be raised in the EPRs but can be raised in this Court. For example, Silverfort has filed a motion to dismiss under §101, which will not be resolved by the EPR. (Dkt. No. 28).

For all of these reasons, this factor weighs against staying the case.

**C. The Reexamination is No More Advanced than this Case**

The reexamination is no more advanced than this case. Only a substantial new question of patentability has been found in the reexamination, which is not a rejection of any claim and not a *prima facie* case of unpatentability. *In re Etter*, 756 F.2d 852, 857 (Fed.Cir. 1985) ("The inquiry occasioned by a request for reexamination is solely whether a reexamination order should issue and is not directed toward resolution of validity."); MPEP 2242 ("Thus, 'a substantial new question of patentability' as to a patent claim could be present even if the examiner would not necessarily reject the claim as either fully anticipated by, or obvious…."). The examiner has taken no substantive position on the validity of any claims because no Office Action has issued. Any contention as to what will happen in the USPTO is therefore speculation.

Further, Silverfort cites cases that are materially different. In each of the cases cited by Silverfort, the EPR or IPR was not just instituted, but Office Actions had been issued by the USPTO or the PTAB had already made determinations. *See, e.g.*, *Ramot At Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, No. 2:19-CV-00225-JRG, 2021 WL 121154, at *2 (E.D.Tex. Jan. 13, 2021) (EPR instituted and plaintiff was actively in the process of responding to multiple office actions); *AGIS Software Dev. LLC v. Google LLC,* 2:19-CV-00359-JRG, 2021 WL 465424, at *2 (E.D.Tex. Feb. 9, 2021) (multiple office actions issued by PTO and responded to by plaintiff); *Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00333-JRG-RSP, 2021 WL 66531 at *3 (E.D.Tex. Jan. 7, 2021) (IPR instituted with the Board expressly noting that Samsung "sets forth a strong showing of unpatentability on the challenged claims"); *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976 (E.D.Tex. Feb. 14, 2019) (IPR instituted and concluded resulting in some of the asserted claims being invalidated); *Polaris Powerled Techs., LLC v. Dell Techs. Inc.*, No. 22-0973, 2023 WL 5282381, at *4 (W.D.Tex. Aug. 15, 2023)

(office action issued in reexamination). In all of those cases, the EPR or IPR had progressed significantly, with Office Actions issued and significant resources expended in the USPTO. Here, the EPR has only been instituted, and no Office Actions have issued. Because the reexam is no more advanced than this case, this factor weighs against staying the case.

On balance and individually, these factors therefore weigh against granting the stay. Silverfort's motion should therefore be denied.

## CONCLUSION

For the foregoing reasons, Congruent Media Resourcing LLC respectfully requests that the Court deny Defendant Silverfort, Inc.'s Motion to Stay Case Pending USPTO Reexamination of Asserted Patent. If the Court nevertheless grants a stay, CMR respectfully requests that the stay be conditioned on Silverfort's written agreement to meaningful judicial estoppel barring Silverfort from later asserting in this litigation any prior art, combinations of prior art, or invalidity grounds that were raised, relied upon, or reasonably could have been raised in the reexamination proceedings.

October 14, 2026

Respectfully Submitted,

*/s/ David R. Bennett*

David R. Bennett (IL Bar No. 6244214)
Steven G. Kalberg (IL Bar No. 6336131)
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com
skalberg@directionip.com

*Attorneys for Plaintiff*
*Congruent Media Resourcing LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ David R. Bennett*
David R. Bennett