**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **CONGRUENT MEDIA RESOURCING LLC,**<br><br>Plaintiff,<br>v.<br><br>**IMPERVA, INC.,**<br><br>Defendant. | C.A. No. 2:26-cv-00461-JRG<br>(Lead Case)<br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |
| v.<br><br>**SILVERFORT, INC.,**<br><br>Defendant. | C.A. No. 2:26-cv-00643-JRG<br>(Member Case)<br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT SILVERFORT, INC.'S MOTION TO DISMISS**

Plaintiff Congruent Media Resourcing LLC files this opposition to Defendant Silverfort, Inc.'s Motion to Dismiss Under Rule 12(b)(6) ("Motion to Dismiss") (Dkt. No. 28). The Motion to Dismiss should be denied as moot in view of the First Amended Complaint filed by Congruent Media Resourcing.

Plaintiff filed a First Amended Complaint pursuant to Rule 15(a)(1)(B), Fed.R.Civ.P., in response to the Motion to Dismiss that addresses the issues raised in the Motion to Dismiss. (Dkt. No. 42). "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *also Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985). The First Amended Complaint does not refer to and adopt or incorporate by reference the Original Complaint. "Accordingly, the filing of an amended complaint moots a motion to dismiss the original complaint." *Ultravision Techs., LLC*

*v. Eaton Corp. PLC*, No. 2:19-CV-00290-JRG, 2019 WL 11250161, at *1 (E.D. Tex. Nov. 8, 2019); *McMurdy v. Bos. Sci. Corp.*, No. 2:19-CV-00301-JRG, 2019 WL 6131296, at *1 (E.D. Tex. Nov. 19, 2019); *Khnanisho v. Rossmann*, No. 6:22CV410-JDK-KNM, 2023 WL 11821103, at *1 (E.D. Tex. Mar. 30, 2023) ("The amended complaint supersedes the original complaint and renders it a legal nullity.").

In this case, the First Amended Complaint amends the Original Complaint to address the issues raised in Silverfort's Motion to Dismiss regarding patent eligibility under 35 U.S.C. §101. Plaintiff amended the allegation to add paragraphs 11-23, 27, 31, and 32, and amended paragraphs 24-26 to set forth further details regarding patent eligibility. In view of the filing of the Amended Complaint that addresses the patent eligibility issues alleged in Silverfort's Motion to Dismiss, the Motion to Dismiss should be denied as moot.

If the Court finds that that the Amended Complaint does not moot the Motion to Dismiss, Congruent Media Resourcing respectfully requests the opportunity to respond to any issues that the Court finds were not addressed by the Amended Complaint.

October 21, 2026

Respectfully submitted,

*/s/ David R. Bennett*

David R. Bennett (IL Bar No.: 6244214)
Steven G. Kalberg (IL Bar No.: 6336131)
Direction IP Law
P.O. Box 14184
Chicago, Illinois 60614-0184
Telephone: (312) 291-1667
dbennett@directionip.com

*Attorneys for Plaintiff*
*Congruent Media Resourcing LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

*/s/ David R. Bennett*
David R. Bennett